IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIERRA LAVONNE MCDONALD,　　　　　　　　3:18-cv-01872-BR

　　　　　Plaintiff,　　　　　　　　　　　　OPINION AND ORDER

v.

DR. STEVE SHELTON, DR. ROBERT
SNIDER, VASHAMY BRADY, JOHN
DOES 1-10,

　　　　　Defendants.


KENNETH I. PATTERSON
405 W. Arlington Street
Gladstone, OR 97027
(503) 893-5381

　　　　　Attorney for Plaintiff

ELLEN ROSENBLUM
Attorney General
JESSICA B. SPOONER
Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Avenue
Suite 410
Portland, OR 97201
(971) 673-1880

　　　　　Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendants' Motion (#10) to Dismiss. For the reasons that follow, the Court **DENIES** Defendants' Motion and **GRANTS** Plaintiff an extension of time to **June 3, 2019,** to serve all Defendants properly.

## BACKGROUND

On October 24, 2018, Plaintiff Sierra Lavonne McDonald, an inmate at Coffee Creek Correctional Facility, filed a Complaint in this Court in which she alleges Defendants Dr. Steve Shelton, Dr. Robert Snider, Vashamy Brady, and John Does 1-10 failed to administer Plaintiff's medication to treat her ulcerative colitis and Crohn's disease from August 3, 2016, through October 24, 2016. Plaintiff brings claims for (1) violation of her Eighth Amendment rights pursuant to 42 U.S.C. § 1983 and (2) violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131.

On February 15, 2019, Defendants filed a Motion to Dismiss all of Plaintiff's claims on the grounds of "untimely and improper service" pursuant to Federal Rule of Civil Procedure 4(e) and (m). Plaintiff's Response to Defendants' Motion was due March 1, 2019, but Plaintiff did not file a Response.

On March 15, 2019, Defendants filed a Notice of Non-Filing of Response and Request for Dismissal in which they noted

Plaintiff had not filed a Response to Defendants' Motion to Dismiss, had not contacted defense counsel regarding an extension, and had not filed a motion for extension of time with the Court.

Later on March 15, 2019, Plaintiff filed a Response to Defendants' Motion to Dismiss, which stated in its entirety that "Plaintiff Sierra McDonald, by and through her attorney Kenneth Patterson, hereby objects to Defendants' Motion to Dismiss and requests that this be set for oral arguments."

On March 19, 2019, the Court entered an Order in which it directed Plaintiff to show cause in writing not later than April 2, 2019, why she failed to file a timely and substantive response to Defendants' Motion to Dismiss and why the Court should not grant Defendants' Motion to Dismiss.

On April 2, 2019, Plaintiff filed a Memorandum in Opposition to Motion to Dismiss in response to the Court's March 19, 2019, Order.

On April 3, 2019, the Court directed Defendants to file a Response to Plaintiff's April 2, 2019, Memorandum no later than April 17, 2019. On April 4, 2019, Defendants filed a Response to Plaintiff's April 2, 2019, Memorandum.

The Court took this matter under advisement on April 17, 2019.

3 - OPINION AND ORDER

**STANDARDS**

Federal Rule of Civil Procedure 4(e) provides the following as to serving individuals:

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Oregon Rule of Civil Procedure 7D(3)(a) provides the following requirements for service on individuals:

> Service may be made upon specified defendants . . . by personal delivery . . . to the defendant or other person authorized by appointment of law to receive service of summons on behalf of such defendant. . . . Service may also be made upon an individual defendant or other person authorized to receive service . . . by a mailing made in accordance with paragraph D(2)(d) of this rule provided the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing.

Oregon Rule of Civil Procedure 7D(2)(d) provides:

4 - OPINION AND ORDER

> When service by mail is required or allowed by this rule . . . service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail *and* by any of the following: certified, registered, or express mail with return receipt requested. For purposes of this section, "first class mail" does not include certified, registered, or express mail, return receipt requested, or any other form of mail that may delay or hinder actual delivery of mail to the addressee.
>
> * * *
>
> For the purpose of computing any period of time provided by these rules or by statute, service by mail . . . shall be complete on the day the defendant, or other person authorized by appointment or law, signs a receipt for the mailing, or three days after the mailing if mailed to an address within the state . . . whichever first occurs.

Emphasis added.

Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve defendants "within 90 days after the complaint is filed." Rule 4(m) also provides when a plaintiff fails to serve a defendant within 90 days, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

## DISCUSSION

As noted, Defendants move to dismiss this action on the grounds that Plaintiff improperly and untimely served Defendants.

5 - OPINION AND ORDER

Specifically, it is undisputed that Plaintiff attempted to serve the Summons and Complaint on Defendants only by mailing via certified mail copies of the Summons and Complaint to the Oregon Department of Justice. The Oregon Department of Justice received the Summons and Complaint on January 25, 2019, which is more than 90 days after Plaintiff filed her Complaint.

Plaintiff acknowledges in her Response to Defendants' Motion that her service on the Oregon Department of Justice was an improper method of service for this action brought against Defendants in their individual capacities. Plaintiff also acknowledges even if receipt by the Oregon Department of Justice satisfied the requirements of Oregon Rule of Civil Procedure 7D(2)(d), the service was untimely under that Rule because it occurred more than 90 days after Plaintiff filed her Complaint. Plaintiff, therefore, concedes Defendants were not properly served within the time required under Federal Rule of Civil Procedure 4(m). Nevertheless, Plaintiff asks the Court not to dismiss this matter because Plaintiff made a good-faith effort to serve Defendants.

In Plaintiff's April 2, 2019, Response to Defendants' Motion Plaintiff explains:

> After filing the complaint, counsel promptly contacted Coffee Creek Correctional Facility about serving defendants. Coffee Creek responded that Defendant Steve Shelton no longer worked at the facility, and that since Defendant Robert Snider did not appear to be on an email list they

> presumed that he longer worked there, but provided
> no further information.
>
> Counsel for Plaintiff had no experience tracking
> down defendants whose location was unknown, and
> Plaintiff lacked the resources to hire an
> investigator. Counsel attempted to confer with
> other attorneys, but they were also not sure of
> how to properly locate such people aside from
> searching DMV databases, which did not lead to
> results that were clearly Defendants. In
> mid-January counsel finally tried searching the
> Oregon Medical Board's website. Address and
> contact information for Defendant Snider was all
> connected to Coffee Creek, which had stated that
> Dr. Snider was no longer there. Counsel was able
> to reach Dr. Shelton by phone, who stated that in
> his experience service was handled through the
> Department of Justice. Counsel called the
> Department of Justice to inquire about where
> service should be sent to on January 24th, and
> sent the complaint and summonses via certified
> priority mail on the same day, mistakenly
> believing that the deadline for service was the
> 25th.

Pl.'s Resp. at 2. Plaintiff does not provide any explanation for her failure to serve Defendant Vashamy Brady in a manner permitted under Federal Rule of Civil Procedure 4.

As noted, Federal Rule of Civil Procedure 4(m) requires courts to extend the time for service when the plaintiff shows "good cause" for the failure to serve the complaint timely. *See De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 (9th Cir. 1998) (holding the court is required to extend the time for service when the plaintiff shows good cause for failing to serve the summons and complaint within the Rule 4(m) deadline). *See also Zero Motorcycles, Inc. v. Nikola Motor Co.*, No. 17-cv-05370-MEJ,

2018 WL 1696867, at *2 (N.D. Cal. Apr. 6, 2018)(same).

The Ninth Circuit has held "[a]t a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). *See also Lemoge v. United States*, 587 F.3d 1188 n.3 (9th Cir. 2009)("Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect."). "[I]n order to bring the excuse to the level of good cause," the Ninth Circuit has held

> a plaintiff may be required to show the following factors . . . : (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001)(quotation omitted). *See also Zero Motorcycles*, 2018 WL 1696867, at *2 (same). The Ninth Circuit has made clear, however, that inadvertence of counsel, an attorney's ignorance of the rules of service, and an attorney's failure to read the applicable rules of civil procedure do not constitute excusable neglect. *See, e.g., Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)("[The plaintiff] contends that he failed to serve the defendants in a timely fashion because his counsel was unaware of the existence of Rule 4(j) until after the 120 day period had run. We do not agree that [the plaintiff's] attorney's ignorance of Rule 4(j) constitutes good cause for untimely service."); *Reynolds v. United States*, 782 F.2d 837 (9th

8 - OPINION AND ORDER

Cir. 1986)(The court declined to find excusable neglect in serving the defendant when the plaintiff's attorney "argued . . . he failed to serve the United States Attorney because someone on the Marine base told his secretary, in response to a telephone inquiry, that the Judge Advocate General on the base could accept service for the Commanding General." The court found the attorney's allegations of good faith "boiled down to the fact that he had failed to read the Rules of Civil Procedure."); *Mumpower v. England*, 292 F. App'x 567, 568 (9th Cir. 2008)("The district court did not abuse its discretion in the context of this case in dismissing Mumpower's action without prejudice because the circumstances did not compel the conclusion that his attorney's admitted failure to review the Federal Rules of Civil Procedure excused his failure to effect timely service.").

Here Plaintiff's counsel states he "has minimal prior experience in federal civil procedure," he was aware he did not have experience finding unknown defendants, and he did not have the resources to hire an investigator. In addition, counsel relied on the suggestion of Dr. Shelton, who is not an attorney, that service "was handled by the Department of Justice." Plaintiff then served the incorrect organization after the 90-day deadline. As noted, these factors do not establish excusable neglect.

As to the first of the additional factors, it is unclear on

9 - OPINION AND ORDER

this record whether Defendants Snider and Brady have received actual notice of this action.  Plaintiff's Response does not provide any information as to counsel's attempts to serve Defendant Vashamy or any information from which this Court could infer Vashamy has any knowledge of this action.  Plaintiff indicates in her Response that counsel was unable to find any information about Defendant Snider, and it is not clear whether Dr. Snider still works for the State of Oregon.  In addition, Plaintiff, therefore, has not established Dr. Snider has any actual knowledge of this action.  Plaintiff states in her Response that her attorney spoke to Defendant Shelton about service of this matter so it is possible that Dr. Shelton has knowledge that Plaintiff intended to file this matter without knowing the specifics of Plaintiff's claims.  Although the Court can conclude on this record that Dr. Shelton may have some notice of this matter, Plaintiff has not clearly established any of the Defendants received actual knowledge of this matter.

As to the second factor, Defendants do not assert they would suffer any prejudice if the Court declined to dismiss this matter.

As to the third factor, the Court finds Plaintiff would be severely prejudiced if her Complaint was dismissed because, based on her allegations in the Complaint, it appears Plaintiff filed this action on the day before the limitations periods for

Plaintiff's claims would have run. Thus, if the Court dismissed Plaintiff's Complaint, she would be time-barred from bringing her claims again.

In summary, Plaintiff has not established all of the factors that the Ninth Circuit requires in order for this Court to find excusable neglect. The Court, therefore, concludes Plaintiff has not established good cause pursuant to Federal Rule of Civil Procedure 4(m) for this Court to grant Plaintiff an extension of time to effect service in this matter.

Nevertheless, the Ninth Circuit has held Federal Rule of Civil Procedure 4(m) "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007)(emphasis in original)(citing *Mann v. Am. Airlines,* 324 F.3d 1088, 1090 (9th Cir. 2003)). In *Efaw* the Ninth Circuit explained:

> District courts have broad discretion to extend time for service under Rule 4(m). *In Henderson v. United States*, 517 U.S. 654, 661 (1996), the Supreme Court stated that Rule 4's . . . period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." This court in *Mann*, 324 F.3d at 1090-91, held that Rule 4(m) gave the district court discretion to extend time of service. "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . . period." *Id.* at 1090. However, no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations

11 - OPINION AND ORDER

>    bar, prejudice to the defendant, actual notice of
>    a lawsuit, and eventual service." *Troxell v.
>    Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th
>    Cir. 1998).

*Efaw*, 473 F.3d at 1041.

As noted, Plaintiff's claims will be time-barred if the Court dismisses this action and Defendants have not alleged they would suffer any prejudice if the Court permitted Plaintiff more time to serve Defendants properly. On this record, therefore, the Court exercises its "broad discretion" to extend the time for Plaintiff to serve Defendants properly.

Accordingly, the Court denies Defendants' Motion to Dismiss and grants Plaintiff an extension of time to June 3, 2019, to serve Defendants properly and to provide proof of such service in the record.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion (#10) to Dismiss and **GRANTS** Plaintiff an extension of time to **June 3, 2019,** to serve all Defendants properly and to provide proof of such service in the record. The Court advises Plaintiff that failure to serve Defendants properly within the time allowed by the Court will result in dismissal of this matter without

prejudice.

    IT IS SO ORDERED.

    DATED this 30th day of April, 2019.

_____
ANNA J. BROWN
United States Senior District Judge